Denham v. Sankey.

AFFIRMED.

---

## DENHAM v. SANKEY ET AL.

1. **Mortgage**: CHATTEL. A mill erected by another upon land of plaintiff could be moved without injury to the real estate. It had been bought and sold and assessed to him as personal property. *Held*, that as between plaintiff, who had bought it subject to a chattel mortgage, and an assignee of the mortgagee, it should be treated as personal property and the mortgage enforced.

2. ———: EXTINGUISHMENT: SALE OF PERSONAL PROPERTY. Where the owner of the land in fee, which he had leased to the owner of a mill situated thereon, purchases the mill and lease, such purchase does not operate to extinguish the lien of an existing chattel mortgage upon the mill.

3. ———: ———: INNOCENT HOLDER. Notwithstanding the mortgage was assigned after plaintiff's purchase of the mill and lease, the assignee can enforce the lien, since he is subrogated to the rights of the mortgagee, who was an innocent holder.

### *Appeal from Decatur District Court.*

WEDNESDAY, APRIL 29.

PETITION for an injunction to restrain the defendants from selling, under a chattel mortgage, a steam saw mill situated upon the south-west fourth of the north-east quarter of section

eight, township seventy, north, range twenty-seven, west. A temporary injunction was issued, which upon the hearing was made perpetual. Defendants appeal.

*McDill & Sullivan* and *A. M. Post*, for appellants.

*John W. Harvey*, for appellee.

DAY, J.—I. The injunction is sought upon the ground that the mill is real estate.

The facts are substantially as follows: The plaintiff owned the real estate above described, and in 1865, J. W. Phillips erected the steam saw mill in question thereon. In 1867, Phillips sold said mill to the plaintiff and J. P. Lamb. In October, 1868, plaintiff sold his interest in the mill to his co-owner, J. P. Lamb. On the 30th day of March, 1869, J. A. Denham, the plaintiff, leased the real estate herein described, upon which the mill was situated, to J. P. Lamb, who then owned the mill, for four years from November 1st, 1869. In this lease the mill is referred to as the personal property of J. P. Lamb.

1. MORTGAGE: chattel.

In November, 1869, Lamb sold the mill to A. J. Melvin, and took a chattel mortgage thereon to secure three promissory notes executed for the purchase money.

In February, 1870, the plaintiff bought the mill of Melvin. At that time the three notes executed by Melvin to Lamb, and secured by the chattel mortgage, were unpaid. When Denham traded for the mill, he said he expected to pay these three notes, and he did pay the two which first matured. Lamb sold the other note to the defendant, Cooper. He was proceeding to sell the mill as personal property, under the chattel mortgage, when the injunction in question was sued out. Over the mill is a shed, such as is usually used to protect a saw mill, built upon posts which are set on blocks in the ground. There is a brick furnace around the boiler to retain the heat. The shed is temporary and built for the protection of the mill, and both shed and mill can be moved without any injury to the real estate. The mill has been sold.

frequently, and always as personal property. The plaintiff has bought it twice, and sold it once as such. It has been assessed to him as personal property. When he leased the land to Lamb, he so described and regarded it.

Under the circumstances it is clear to us, that as between the mortgagor and his grantees, and the mortgagee and his assigns, the mill must be regarded as personal property. See 2 Kent's Commentaries, eighth edition, pages 409 and 410, and cases cited; also *Sowdun & Co. v. Craig*, 26 Iowa, 156.

II. It is claimed that the mortgage cannot be enforced, because of the purchase of the mill and lease by the plaintiff Denham.

It is urged that the effect of this purchase was a merger of the lease in the fee, that the lease is thus extinguished and the term has expired, and that the term having expired, the mill cannot be removed. This position is not sound. The lease had nothing to do with the mill. Its subject matter was forty acres of land. Whilst this lease existed and the mill was personal property, the mortgage in question was executed. By this mortgage the mortgagee acquired a lien to secure notes executed for the purchase money.

2. ——: extinguishment: sale of personal property.

When the lessor purchased the lease, and the particular estate and the fee united in the same person, the lease, so far as any future results may flow therefrom, became extinguished. But this transaction could not divest an outstanding interest acquired before in good faith. For the protection of such person, if necessary, the lease will be kept alive. See *Vannice v. Bergen*, 16 Iowa, 555.

It is claimed, however, that Cooper cannot be protected because he purchased the note and mortgage after plaintiff purchased the mill and lease, and hence is not an innocent holder.

3. ——: ——: innocent holder.

The obvious answer to this is that Lamb was before that time an innocent holder of the note and mortgage, and that Cooper took his place and is subrogated to his rights. The injunction should have been dissolved.

REVERSED.