DAVIS v. HULL ET AL.

1. **Injunction to Restrain Cutting Timber:** FORMER LICENSE: ESTOPPEL. Because the owner of real estate has permitted another for several years to cut and remove timber therefrom, he is not thereby estopped from afterwards preventing him by injunction from continuing to do so.

*Appeal from Boone Circuit Court.*

THURSDAY, DECEMBER 10.

THE object of the action is to restrain by injunction the defendants from cutting and removing timber growing on land owned by the plaintiff. An injunction was issued, which, at the hearing, was dissolved, and the plaintiff appeals

*E. L. Green*, for appellant.

*Hull & Whitaker* and *Geo. G. Wright*, for appellees.

SEEVERS, J.—In 1868 the defendant Hull sold and conveyed to the plaintiff a certain parcel of real estate, on which there were trees and timber growing and standing. The defendants undertook and were engaged in cutting down and removing such timber, and the plaintiff sought to enjoin them from so doing. The defendants admitted the material allegations of the petition, but pleaded, as a defense, that prior to the execution of the conveyance the defendant Hull owned the real estate, and that he sold and agreed to convey the land, except the standing trees and timber thereon, which,

by the terms of the contract, were reserved; that by mistake such reservation was not mentioned in the conveyance, and the defendants asked that it be reformed in this respect so as to set out the true contract; that ever since the date of the conveyance the defendant "Hull has cut and removed more or less timber therefrom every year, and plaintiff has always known and acquiesced therein," until a few days prior to the commencement of this action. The statements in the answer were denied by a reply. The circuit court determined that the conveyance could not be reformed, but found and adjudged that the timber growing upon the real estate was the property of the defendant Hull, and therefore dissolved the injunction. We concur with the circuit court that under the evidence the conveyance cannot be reformed; and this is substantially conceded by the appellees, because no appeal has been taken by them, and their counsel ask an affirmance of the judgment of the circuit court solely on the ground of estoppel.

There is evidence tending to show that prior to the execution of the conveyance it was agreed that the timber should be reserved, and there is evidence tending to show that there was no such contract or reservation made; but the plaintiff testifies that he "agreed to let him (Hull) have the timber on the brow of the hill, where it was level, and he was to take the timber off and let me fence it. He got all the timber that he agreed for." The evidence introduced by the plaintiff tending to show the contract and reservation is competent and material only for the purpose of reforming the conveyance, but the conveyance cannot, in any respect, be contradicted or varied thereby. The effect of the conveyance is to vest the legal title to the timber growing on the land in the plaintiff. This being so, the estoppel relied on is based solely on the fact that the defendants cut and removed timber from the real estate and the plaintiff acquiesced therein. The proposition, then, is that, if the owner of real estate permits another occasionally for several years to cut down and remove timber

therefrom, he is estopped thereby from thereafter preventing him from so doing by legal means. This cannot be the rule, and counsel have failed to cite authorities in support of the claimed estoppel; and we think there is nothing on which it can be based. The plaintiff admits, it is true, that he agreed to let the defendant have a certain portion of the growing timber, but this admission is so qualified that it does not aid the defendants, and cannot be invoked in aid of the estoppel.

REVERSED.