J. C. JOHNSON, Appellant, v. F. E. MOSHER, Appellee.

Fixtures: INTENTION OF OWNER. Shelving and counters attached to a building by nailing, which are necessary to the use of the premises, for store purposes, which have been so used for the period of twenty years, and which are so used and situated at the time of a purchase of the premises, will not pass upon a sale of the property to the vendee in the absence of proof that it was the intention of the owner that the articles in question should be regarded as a part of the realty.

*Appeal from Dubuque District Court.*—HON.  D  F.
LENEHAN,  Judge.

THURSDAY, JANUARY 29, 1891.

ACTION in replevin to recover certain shelving, counters and other property used in connection with a grocery. There was a verdict and judgment for defendants. The plaintiff appeals.—*Affirmed.*

*S. P. Adams,* for appellant.

*Fouke & Lyon,* for appellee.

BECK, C. J.—I. The plaintiff claims that the property in controversy was fixtures, and the title thereto was acquired by him under a sale upon a mortgage foreclosure. The defendants insist that title to the articles of property in question did not pass under the foreclosure proceedings, for the reason that they are not fixtures which pass with the realty. Their claim of title, as we understand the case, is based upon a bill of sale given by the mortgagor under whom plaintiff claims. The parties introduced evidence tending to show the title under which each claimed, and plaintiff showed by the evidence the fact that the counters and shelving were nailed to cleats fastened to the house. There was no direct evidence tending to show the intention of the owners of the real estate to regard the property as fixtures.

II. The plaintiff asked the court to give the jury the following instructions: " 1. If it appears from the evidence that the shelving in question was attached to the side of the building by nailing, and that the same was necessary for the use of the premises for store purposes, and had been so used by defendant, F. E. Mosher, for some twenty years before the premises in question were purchased by plaintiff, and so continued to be attached and used up to the time of such purchase, you are instructed that the same was a part of the realty, and if it appeared

that the same was removed from the premises by defendants, or either of them, and was appropriated to their own use by them, you will find for the plaintiff the amount of the value of the same at the time it was so removed and appropriated.

"2. If you find from the evidence that the counters in question were used by defendant, F. E. Mosher, in the prosecution of the grocery business, in the storeroom in question, for twenty years or more, prior to the purchase of the premises by plaintiff, and were adapted to and necessary in the prosecution of said business in said place, and were so used and situated at the time of said purchase, you are instructed that the same were a part of the realty ; and if it further appears that the same were removed from said premises by defendants, or either of them, and appropriated to their own use by them, you will find for plaintiff the amount of their value at the time of such removal and appropriation."

These instructions were rightly refused. This ruling is the first ground of plaintiff's complaint. The mere fact that the shelving and counters were attached to the building by nailing, and were necessary for the use of the premises for a store, and were so used for a long time, does not settle the question of their character as fixtures, and requires them to be regarded as a part of the realty. More must be shown than contemplated in the instruction required. It must appear that it was the intention of the owner of the property that the articles in question should be regarded as a part of the realty. *Woolen Mill Co. v. Hawley*, 44 Iowa, 57. The correctness of this conclusion is obvious. Many articles necessary for the use of a house may be attached to it by nails or otherwise, and so used for a long time, yet no intention would exist to make them a part of the realty. Such articles would not be regarded as fixtures passing with the realty.

III. The court instructed the jury in effect that the articles in question did not pass, under the mortgage, as fixtures, unless such was the intention of the owner of

the real estate ; that such intention must appear to give the articles the character of fixtures. These instructions are fair expressions of the rule of law above stated. It is plain that the burden of showing such intention rests upon the party seeking to establish that the property in question partakes of the character of fixtures. No other questions are discussed by counsel.

In our opinion the judgment of the district court ought to be AFFIRMED.