BOWERS H. LEONARD, Appellant, *v.* ROBIE CLOUGH et al., Respondents.

Where land and buildings thereon belong to the same person, the buildings are part of the realty and pass upon a conveyance thereof, and neither the grantor, nor those claiming under him, may show that it was agreed by parol that a building should be reserved. He can retain title to the building only by some reservation in the deed, or by an agreement in writing, answering the requirements of the Statute of Frauds.

C. conveyed a lot, by ordinary warranty deed, upon which was a barn, to defendant R. who owned an adjoining lot. R. conveyed the lot to G., excepting a strip upon which was about one-third of the barn; through various mesne conveyances plaintiff acquired title to said lot excepting the strip so conveyed; all of the conveyances were ordinary warranty deeds. In an action against defendant for trespass in removing the barn from said lot, it appeared that R. has remained in possession of the barn since her conveyance and defendants were permitted to show that it was understood and agreed by parol at the time of her conveyance to G. that the barn was reserved to her and that each of the subsequent grantees, including plaintiff, was advised of such reservation at the time of receiv-

ing the deed. *Held*, that the evidence was improperly received; that the barn, not having been severed from the realty, or made personal property by any acts of the parties', could not be reserved by parol, nor could the reservation be operative as a parol gift, without violating the Statute of Frauds; that plaintiff acquired title under his deed to so much of the barn as stood upon his lot; and so, that the action was maintainable.

(Argued April 19, 1892; decided May 24, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made June 9, 1891, which overruled plaintiff's exceptions and directed judgment for defendants on the verdict.

This action was of trespass to recover damages to plaintiff's premises arising from the removal of a barn a portion of which stood thereon.

The facts, so far as material, are stated in the opinion.

*Amasa J. Parker* for appellant. The barn was built by the person, who at the time of building it, owned the lot on which the whole of it stood; on its erection under such circumstances, it became and remained a part of the realty and passed with its conveyance. (*Voorhees* v. *McGinnis* 48 N. Y. 283; *Buckley* v. *Buckley*, 11 Barb. 63; *McRea* v. *C. N. Bank*, 66 N. Y. 495; *Potter* v. *Cromwell*, 40 id. 296; *Reid* v. *Kirk*, 12 Pick. 54; *Walker* v. *Sherman*, 20 Wend. 638; *Gardner* v. *Finley*, 19 Barb. 320; *Snedecker* v. *Warring*, 12 N. Y. 170.) The court erred in allowing the parol evidence to show a gift of the barn. (*McRea* v. *C. N. Bank*, 66 N. Y. 489, 495; Boone on Real Prop. 306, 307; 3 Washb. on Real Prop. 391; 3 Kent's Comm. 401; *Warren* v. *Leland*, 2 Barb. 618; 19 N. Y. 240–242; *Green* v. *Armstrong*, 1 Den. 554, 555; *Lacustrine Co.* v. *Fee Co.*, 82 N. Y. 484; *Vorebeck* v. *Roe*, 50 Barb. 302–305; *Taylor* v. *Millard*, 42 Hun, 364; 28 N. Y. S. R. 694; *Wiseman* v. *Lucksinger*, 84 id. 31; *Pierce* v. *Keator*, 70 id. 419; *Huntington* v. *Asher*, 96 id. 604; *Mott* v. *Palmer*, 1 id. 572; *Goodrich* v. *Jones*, 2 Hill, 142; *Thayer* v. *Wright*, 4 Den.

180; *Slocum* v. *Seymour*, 36 N. Y. 139; 1 Washb. on Real Prop. 632; *Conkrite* v. *Conkrite*, 94 N. Y. 328; *People* v. *Field*, 1 Lans. 244, 245; 3 Smith's L. C. 2107; *Hussey* v. *Hefferman*, 143 Mass. 232; *Knight* v. *Taylor*, 125 id. 25; *Russ* v. *Alpaugh*, 118 id. 369; *Gregory* v. *People*, 80 Va. 355; 1 Greenl. on Ev. § 275; Stephens on Ev. 260; *Austin* v. *Sawyer*, 9 Cow. 40; *Wintermute* v. *Sawyer*, Id. 40.)

*John O'Brien* for respondents. Mrs. Gilbert, being the owner of the barn, could certainly dispose of it by parol. All buildings sold to be moved away, are sold by parol, and delivery to the purchaser is all that is necessary to pass title. It is well settled that parties may, by agreement at the time of annexation, preserve the character of personalty to chattels annexed to the land. (*Mott* v. *Palmer*, 1 N. Y. 564; *Tifft* v. *Horton*, 53 id. 377; *Voorhis* v. *McGinnis*, 48 id. 278; *Sheldon* v. *Edward*, 35 id. 279; *Dubois* v. *Kelly*, 10 Barb. 496.) The evidence of the gift from Mary Gilbert to the defendants, and of the subsequent recognition of that gift, by plaintiff's grantors, and of facts tending to show that plaintiff himself had notice of defendant's title to the barn, was properly admitted. (1 Greenl. on Ev. § 279; *McMaster* v. *Ins. Co.*, 55 N. Y. 234.) The defendant's title to the barn was sufficiently pleaded. Under the common-law pleading a mere allegation of possession of personal property was as a rule sufficient. (Heard's Civil Pleading, 229; Bliss on Pleading, § 230; Van Santvoord's Pleadings, 54; Code Civ. Pro. § 546; *Marie* v. *Garrison*, 83 N. Y. 14.)

Earl, Ch. J. The material facts in this case are as follows: Prior to March 29, 1884, Adaline Clough owned a lot of land in the city of Auburn, upon which there was a small barn, and on that day she conveyed the lot by an ordinary warranty deed to the defendant Robie Clough, who owned the adjoining lot on the notherly side of the lot thus conveyed. On the 1st day of April, 1884, Robie Clough, by an ordinary warranty deed, conveyed the same lot to her daughter Mary Gilbert,

with the exception of a strip six feet by twelve rods reserved
from the northerly side of the lot. About one-third of the
barn was upon the strip thus reserved, and thus the dividing
line between the two lots after that conveyance ran through
the barn, leaving about one-third thereof upon the land of
Robie Clough and two-thirds thereof upon the land of Mary
Gilbert. At the time of the execution of the deed by Robie
Clough to Mrs. Gilbert and immediately thereafter she said to
Mrs. Clough and her husband : " Now pa and ma the barn is
yours; there can nobody interfere with you," and Robie
Clough and her husband have ever since been in the occupancy
of the barn. On the 28th day of October, 1886, Mrs. Gilbert
by an ordinary warranty deed, conveyed the lot to Julia M.
Sherwood, and at the time of that conveyance Mrs. Sherwood
was informed that the barn belonged to Mrs. Clough and there
was a parol reservation of the same. On the 1st day of
November, 1886, Mrs. Sherwood, by an ordinary warranty
deed, conveyed the lot to Mrs. Eunice Nellis, and at the time
of that conveyance Mrs. Nellis was informed by parol that
Mrs. Clough owned the barn and that it did not pass. On the
8th day of November, 1888, Mrs. Nellis, by an ordinary war-
ranty deed, conveyed the lot to the plaintiff, and at the time of
that conveyance he was informed by parol that the barn
belonged to Mrs. Clough and did not pass with the conveyance.
After he had purchased the lot, Mrs. Clough informed him
that she claimed the barn and intended to move it from the
lot and he told her not to move it. After that the defendants
moved the barn from the lot, and then the plaintiff brought
this action to recover for the value of so much of the barn as
stood upon his lot and claimed to recover treble damages.

The barn was a wooden structure, worth less than $200, and
rested upon four large stones at the corners and smaller stones
at other places.

Upon the trial the plaintiff objected to the parol evidence
given by the defendants to show the parol reservation of the
barn at the times of the several conveyances of the lot. But
the court overruled the objections and received the evidence,

The court below held that the evidence was competent; that the barn after the conveyance by Mrs. Clough to her daughter became and remained personal property, and that she had a lawful right to remove the same, and judgment was entered upon the verdict in favor of the defendants.

We think a few plain principles of law require a reversal of this judgment. This barn at the time of the conveyance by Mrs. Clough to Mrs. Gilbert was a part of the realty, and there could be no parol reservation of it. The grantor could no more reserve the barn by parol than she could reserve trees growing upon the land, or a ledge of rocks or a mine or a portion of the soil. As between the grantor and grantee it is very clear that the grantor would not have been permitted to show that the barn was reserved by parol, as that evidence would have contradicted the deed which was absolute in form. If the grantor had removed the barn the grantee could have sued her for trespass and she could not have defended by showing a parol reservation of the barn. If it had been claimed in such a suit that it was part of an oral agreement or reservation that the barn should not pass, that fact could not have been shown, as it would have contradicted the deed. The deed contained covenants of warranty which covered the entire title to the real estate, and the grantor could not in such a suit have shown by parol that any part of the real estate was not covered by the covenants. So, too, if it be claimed that what was said by Mrs. Gilbert to Mrs. Clough immediately after the deed was delivered constituted a parol gift of the barn to her father and mother, the gift could not be operative because the barn at that time was a part of the realty. It had never been severed from the realty and had never been by any acts of the parties or the owners made personal property, and the parol gift of a portion of the real estate could not be upheld without violating the Statute of Frauds. The one-third of the barn which rested upon the lot owned by Mrs. Clough was and remained realty, and it is impossible to perceive how by mere words the other two-thirds could be converted into personalty. Can trees and other portions of real estate be con-

verted into personalty by a mere parol gift and without severance ?

It is clear that after the conveyance from Mrs. Clough to Mrs. Gilbert the barn remained a part of the realty, and was covered by the deed and the covenants of warranty therein contained; and so the barn passed to each successive purchaser, and no grantor could dispute that the grantee took title to the barn ; and thus the title to so much of the barn as stood upon this lot was finally vested in the plaintiff. All the deeds contained covenants of warranty. Those covenants run with the land, and each successive grantee could have the benefit of all the prior covenants. The plaintiff is in privity of estate with Mrs. Clough, and his rights are the same as they would have been if he had been her immediate grantee. He holds under her deed, and in an action by him for a breach of her covenants she could not dispute that the barn was a part of the realty. And in this action against her for removing the barn she cannot dispute that it passed under her deed. His rights are the same as Mrs. Gilbert's would have been if she had disputed Mrs. Clough's right to the barn, and, before she had conveyed, had sued her for removing it.

A careful scrutiny of the cases cited on behalf of the defendants shows that there is absolutely no authority for their contention in a case like this. If at the time of the conveyance of Mrs. Clough the barn had been personal property in the ownership of some other person, and the grantees had been notified of that fact, the title to it would not have passed by the successive conveyances. If this barn had been placed upon the lot by some third person with the consent of the owner and with the understanding that such third person could at any time remove it, it would have remained personal property and would not have passed to a purchaser under any form of conveyance providing such purchaser had notice of the fact. But where the land and the buildings thereon belong to the same person, then the buildings are a part of the real estate and pass with it upon any conveyance thereof. In such a case the grantor can retain title to the buildings only by some reservation in the deed,

or by some agreement in writing which will answer the require-
ments of the Statute of Frauds.  Any other rule would be
exceedingly dangerous, and would enable a grantor, in dero-
gation of his grant, upon oral evidence, to reserve buildings
and trees and other portions of his real estate, and thus, per-
haps, defeat the main purpose of the grant.   For these views
the case of *Noble* v. *Bosworth* (19 Pickering, 314) is a very
precise authority.

We are, therefore, of opinion that the judgment should be
reversed and a new trial granted, costs to abide event.

All concur.

Judgment reversed.