109　501
130　343

## J.E. ROTH, Appellant, v. DENNIS COLLINS.

**Trade Fixtures:** WHAT ARE. Fixtures for a store room, made in sections, so that they can be removed, not intended by a tenant who put them in to become a part of the room and fastened so that they can be readily removed, are trade fixtures.

**Removal of Fixtures:** SUBSTITUTION. *Remedies of owner of building for the wrongful removal of fixtures by a tenant.* The remedy of the grantee of the lessor under a conveyance made during the term is not against one who bought fixtures which the tenant substituted in place of those removed, but against the tenant.

*Appeal from Jefferson District Court.*—HON. FRANK W. EICHELBERGER, Judge.

MONDAY, OCTOBER 23, 1899.

ACTION in equity to restrain the defendant from removing shelving, counters, and other fixtures from a certain storeroom. There was a hearing on the merits, and a judgment in favor of the defendant for costs. The plaintiff appeals.—*Affirmed.*

*Leggett & McKemey* for appellant.

*M. A. McCoid* and *Coykendall & Hughlin* for appellants.

ROBINSON, C. J.—In April, 1894, one Bosworth, then the owner of the store room in question, leased it to E. H. Hufford for the term of one year. The lease provided that the rent should be a lien on all stock and fixtures in the room owned by Hufford, and that the latter should "surrender said premises at the end of the lease, or sooner determination thereof, in as good condition as reasonable use thereof" would permit, damages by the elements excepted. The room was rented by Hufford to be used for the purposes of a drug store. It contained counters, shelving, and some tables which had been used in the sale of stocks of merchandise of various kinds, which had been used many years, but were not adapted for use in a drug store. Hufford, therefore, removed them, and placed in the room counters and shelving suitable for use in the drug business. In July, 1894, Hufford sold his stock of merchandise, "together with all furniture and fixtures." In July, 1895, Bosworth conveyed the property to the plaintiff by a warranty deed. The defendant claims to own the shelving, counters, and other fixtures placed in the store room by Hufford, and about the time this action was begun had commenced to remove them

from the room. The plaintiff asks that their removal be enjoined, and that he have judgment for damages. The district court denied him all relief. We are required to determine whether the plaintiff, through his conveyance from Bosworth acquired title to the fixtures placed in the store room by Hufford. It is the theory of the plaintiff that, as Hufford's lease required him to leave the room in as good condition as reasonable use thereof would permit, the fixtures he placed in the room should be treated as in lieu of and replacing those he removed. It is the claim of the defendant that it was agreed between Bosworth and Hufford that the latter should remove the old fixtures, store them in another room, and replace them with fixtures better suited to the business in which he was engaged, and that the fixtures he furnished were trade fixtures, which he and his vendee had a right to remove. The fixtures furnished by Hufford were made in sections in order that they might be taken out, and it was not his intention to have them become a part of the room. They were so fastened in place that they could be removed readily, and the evidence shows that they should be treated as trade fixtures. *Johnson v. Mosher,* 82 Iowa, 29; *Walton v. Wray,* 54 Iowa, 531; *Wilgus v. Gettings,* 21 Iowa, 177. If it be true, as claimed by the plaintiff, that Hufford removed the old fixtures wrongfully, the remedy for the wrong is against Hufford, and not against this defendant. It is said that the plaintiff did not know, when he purchased the store room, that the fixtures in question were not a part of it, and therefore that he should be protected as an innocent purchaser, but the evidence fails to sustain that claim. The defendant claims to be the owner of the fixtures, but the plaintiff insists that a certain conveyance in his claim of title made by one Junkin is not perfect. The fixtures were conveyed by Hufford to Junkin, but the bill of sale of the latter to his vendee, the Churchill Drug Company, did not describe the fixtures. It is clear, however, that the plaintiff does not own them, and the defendant

testified that he purchased them in July, 1894, and at once took possession of them, and the plaintiff has failed to show any right to interfere with that possession. We conclude that the judgment of the district court is correct, and it is AFFIRMED.