STATE SECURITY BANK v. J. M. HOSKINS, *et al.*, Appellants.

Corporations: DENIAL OF ORGANIZATION: ESTOPPEL. The defendant,
1  in an action by a corporation for an injury to its property,
cannot set up a want of plaintiff's legal organization as a
defense.

Ultra vires acts: ESTOPPEL. Where a corporation acquired title to
2  real property from a trustee; the *cestui que* trust is estopped
from contending that the act of the corporation in acquiring
the title was *ultra vires*.

Banks and banking: RIGHT TO HOLD REAL ESTATE. A corporation,
3  though not expressly authorized to deal in real estate, may
lawfully acquire the same for the purpose of securing itself
from loss growing out of an authorized transaction.

Injunction: REMOVAL OF FIXTURES. Injunction to restrain the re-
4  moval of fixtures is a proper remedy.

Fixtures: MACHINERY. A gasoline engine placed on a solid stone
5  foundation in a permanent building also on a stone foundation,
intended for use and used in grinding feed for stock is a part
of the realty and passes by deed covering " all appurtenances "
as against a bill of sale describing certain personal property
" and all other machinery."

Parol evidence: VARIANCE OF WRITING: REFORMATION OF INSTRU-
6  MENTS. Parol evidence is inadmissible to show that fixtures
were not intended to be included within the general terms of
the description in a deed, and that the same was intended to be
included in a bill of sale to which no specific reference was
made therein. Evidence held insufficient to authorize a re-
formation of the bill of sale.

*Appeal from Buena Vista District Court.*— HON. A. D.
BAILIE, Judge.

THURSDAY, APRIL 5, 1906.

ACTION to enjoin the removal from a farm owned by
plaintiff, of a gasoline engine set up on the farm by a former
owner for the purpose of grinding feed. The defendants

claim title under a bill of sale of the personal property on the farm from said original owner. Degree for plaintiff. Defendants appeal.— *Affirmed.*

*T. H. Chapman* and *F. F. Faville,* for appellants.

*F. C. Gilchrist* and *A. L. Freelove,* for appellee.

McCLAIN, C. J.— Appellants question the right of appellee to maintain the action on the ground that it is not duly incorporated and has no legal capacity to hold real es-

1. CORPORATIONS: denial of organization: estoppel.

tate or to sue. But by Code, section 1636, one who is sued for an injury to the property of a corporation or for wrong done to its interest is not permitted to set up want of legal organization in his defense, and we have no suggestions from counsel as to any reasons, nor do any reasons occur to us why this statutory provision does not apply in an action brought by the plaintiff corporation to protect its property from the wrongful acts of defendants. The claim as to the effect of defective organization predicated upon *Clegg v. Hamilton* and *Wright County Grange Co.,* 61 Iowa, 121, is without foundation, for in that case the question was as to the liability of stockholders, on account of defects in the proceedings for incorporation.

The claim that plaintiff as a banking corporation had no capacity to own real property is also devoid of merit. The title of the plaintiff to the real property was acquired

2. ULTRA VIRES ACTS: estoppel.

from one who held it in trust for the defendants, and as against such conveyance, the defendants are estopped from pleading *ultra vires. Franklin v. Twogood,* 18 Iowa, 515.

But, however this may be, the plaintiff bank, though not expressly organized to deal in real estate, or authorized by statute to do so, may, as an incident to its business and for the purpose of securing itself from loss in the trans-

action of its authorized business, become the lawful owner

**3. BANKS AND BANKING:** **right to hold real property.** of real estate. See the reasoning of the court applicable here in *Fidelity Ins. Co. v. German Savings Bank,* 127 Iowa, 591. See, also, *First National Bank v. Elmore,* 52 Iowa, 541.

It is further objected that the court should not grant an injunction to restrain the removal of the engine from the real property, but that plaintiff should be left to his **4. INJUNCTION:** **removal of fixtures.** remedy at law. That injunction is a proper remedy in such case, see *Lemmon v. Guthrie Center,* 113 Iowa, 36; *Kraft v. Welch,* 112 Iowa, 695; *Schmaltz v. York Mfg. Co.,* 204 Pa. 1 (53 Atl. 522, 59 L. R. A. 907, 93 Am. St. Rep. 782).

It appears that the plaintiff bank acquired the land in question in payment of indebtedness to it, and not by way of direct purchase. These points are not argued by counsel for appellant beyond the mere suggestion of them, and we have not thought it necessary to elaborate our reasons for the conclusions stated, nor make an extensive citation of authorities.

The questions elaborately argued, and upon which extensive citations of authorities are made by counsel are: First, whether the gasoline engine in question, which was **5. FIXTURE:** **machinery.** erected by plaintiff's remote grantor on the farm to which plaintiff acquired title by warranty deed covering " all the appurtenances," placed on a solid stone foundation, inclosed in a permanent building also resting on a stone foundation, and intended for use and used to propel machinery or grinding feed for stock, was a part of the realty passing to plaintiff by the deed, as against the defendants, who by bill of sale, acquired from the same grantor " the following described property: Live stock, plows, etc. [specifically described], and all other machinery and tools and farm wagons on said premises." And, second, whether, conceding the gasoline engine in question to be a part of the realty as a matter of law in the absence

of any agreement or understanding that it was to become personal property and pass to the defendants under the bill of sale, there is any evidence to show an agreement or understanding binding on the plaintiff that said engine should be personal property.

Courts have found difficulty in many cases in determining whether chattels have been so annexed, actually or constructively, to the realty as to pass with it by a conveyance, but as to this engine, placed by the original grantor, Anderson, upon his stock farm for permanent use, we think there can be no difficulty whatever in determining its character.

In holding an engine to be part of the realty this court has laid particular emphasis on the intention of the person making the annexation, and has said that the character of the physical attachment, whether slight or otherwise, and the use are mainly important in determining his intention. *Ottumwa Woolen Mill Co. v. Hawley*, 44 Iowa, 57. And in holding that platform scales placed on a foundation were part of the realty, we have said that the intention which controls is not a secret purpose of the owner, but that which should be implied from his acts and is ordinarily to be inferred from the nature of the article, the manner and object of its use, and the mode of its annexation. *Thompson v. Smith*, 111 Iowa, 718. Applying the same tests, we have held that a furnace standing on a brick foundation in the cellar of a house, and connected with pipes and flues for the purpose of furnishing heat, and a boiler attached to pipes connecting it with the kitchen range and intended to supply hot water to the rooms in the house, were part of the house, although they might have been removed without injury to it by severing their connections. *West v. Farmers' Mut. Ins. Co.*, 117 Iowa, 147.

This engine could have been taken off its stone and cement foundation by unscrewing the burrs of the bolts by which it was fastened to the foundation, and might have been taken out of the building constructed around it by

cutting a hole in the wooden walls, but to so remove it would clearly have been contrary to the intention with which it was fastened to the foundation and inclosed in the building. The mere fact that such a piece of machinery can be removed from the support on which it rests even by its own weight alone does not, in itself, negative the intention to annex it permanently to the realty. *Detroit United Railway Co. v. Board of State Tax Com.,* 136 Mich. 96 (98 N. W. 997); *Knickerbocker Trust Co. v. Penn Cordage Co.* 66 N. J. Eq. 305 (58 Atl. 409). We are inclined to give greater weight to the intention of the party indicated by his acts in attaching chattels to the realty and using them in connection therewith, than to the manner of physical annexation. As is said by Gibson, C. J., in *Voorhis v. Freeman,* 2 Watts & S. 116 (37 Am. Dec. 490): "The simple criterion of physical attachment is so limited in its range and so productive of contradiction, even in regard to fixtures in dwellings to which it was adapted before England had become a manufacturing country, that it will answer for nothing else." And in support of the more liberal rule, see, also, *Farrar v. Stackpole,* 6 Me. 154 (19 Am. Dec. 201); *Despatch Line v. Bellamy Mfg. Co.,* 12 N. H. 205 (37 Am. Dec. 203); *Cavis v. Beckford,* 62 N. H. 229 (13 Am. St. Rep. 554); *Bullard v. Hopkins,* 128 Iowa, 703; 19 Cyc. 1045. We have not the slightest doubt that aside from any special agreement or understanding of which plaintiff had notice, this gasoline engine became the property of plaintiff under the conveyance to it. The cases relied on for appellant relate to trade fixtures or chattels annexed by one person to the land of another, as to which other considerations control. *Roth v. Collins,* 109 Iowa, 501; *Gartland v. Hickman,* 56 W. Va. 75 (49 S. E. 14, 67 L. R. A. 694; *Denham v. Sankey,* 38 Iowa, 269; *Fischer v. Johnson,* 106 Iowa, 181; *Jones v. Cooley,* 106 Iowa, 165.

For a full understanding of the contention of counsel for appellant that there was some express or inplied agree-

ment binding on plaintiff by which the gasoline engine was
to be regarded as personal property, a further
statement of facts is necessary. When An-
derson, who owned the farm and the personal
property thereon, conveyed the land by war-
ranty deed to defendant Aikin in trust for all the defendants,
and executed to defendants a bill of sale covering " all farm
machinery, wagons, buggies, plows, and all other implements
and tools, now on or belonging on my farm above described,"
a list of the personal property was made out.    Anderson,
as a witness, produced what he testified was this list, and
it does not show that the gasoline engine was included; but
defendants introduced in evidence the bill of sale itself to
which was attached a list in pencil, corresponding with that
produced by Anderson, so far as the latter goes, but con-
tinuing with memoranda as to the number of acres in the
farm with price per acre, the number of head of various
animals with price per head for each class of animals, other
enumerated personal property with lump sums attached,
and after other figures and computations the purpose of
which does not appear, concluded with the entry:    " Gaso-
line engine and grinder, $850."    In the absence of any ref-
erence in the bill of sale to this list, or any satisfactory parol
evidence that the list attached to the bill of sale, the time
of attachment not being shown, was intended by both par-
ties as an enumeration of the personal property intended to
be covered by the description in the bill of sale, we think
the defendants have failed to establish the fact that the
gasoline engine was covered by the bill of sale.    Defendant
Hoskins, who, as a witness testified that he drew the in-
strument, not being at that time interested therein as one
of the purchasers, says that it was drawn up from the list
which is now attached to it, the list having been previously
made by those who were interested in the purchase; that
he intended to so draw the bill of sale as to cover all the
personal property enumerated in the list; and that if the

6. PAROL EVI-
DENCE: vari-
ance of writ-
ing: reforma-
tion of instru-
ments.

language used in the instrument is insufficient to cover the gasoline engine, the failure of the language to so express that intention was because of a mistake on his part as to the effect of the language used.  But there is no evidence that there was such a mistake on Anderson's part or that the instrument failed to show what his intention was in executing it.  We would not be justified under the evidence in reforming the bill of sale so as to make it cover the gasoline engine.

Subsequently, when the defendant Hoskins had become a joint owner of the property and was acting as agent for himself and the other owners in borrowing money from the plaintiff on the security of this personal property, and when the officers of the plaintiff bank were asking some showing as to his authority to act for all the owners, he presented to the president of the bank a so-called agreement signed by all the defendants, in which it is stated that Hoskins has " charge of all the personal property in connection with the transactions already referred to now owned by said parties; that he can proceed and settle with the creditors on the best terms obtainable using any and all of the chattel property as he deems best that said James M. Hoskins holds as to the property of the three "; and then follows an enumeration of certain personal property concluding with this general description " all the personal property of said parties now on the Anderson farm as per attached list together with the corn and hay crop therefrom." The last item of the specified list is " one gasoline engine." After this agreement was shown to the officers of the bank, the entire transaction was concluded by which the warranty deed to the bank was executed, and also a bill of sale which was, in effect, a mortgage on the personal property.  In this bill of sale, the only description which could cover or refer to the gasoline engine was the following:  " All other machinery and tools and farm wagons on said premises."  To this bill of sale no detailed list of any of the property in-

tended to be included was attached. Construing the deed and bill of sale together, in accordance with their terms, there is therefore no indication of any intention that the gasoline engine was not to pass by the conveyance of the realty, and that it was covered as personalty by the bill of sale. To find any such intention which would tend in any way to restrict the terms of the deed so as to exclude the gasoline engine, it would be necessary to resort to parol evidence. That a restriction or reservation cannot be added to a deed by parol evidence as to the intention of the parties is well settled. *Winn v. Murehead*, 52 Iowa, 64; *Davis v. Hull*, 67 Iowa, 479; *Van Husen v. Omaha B. & T. R. Co.,* 118 Iowa, 366; *Brown v. Roland,* 92 Tex. Sup. 54 (45 S. W. 795); *Leonard v. Clough,* 133 N. Y. 292 (31 N. E. 93, 16 L. R. A. 305). Even if the bill of sale had specifically covered the gasoline engine, it is doubtful whether that would have been sufficient to constitute a conversion of the engine into personalty so as to exclude it from the terms of the deed. *Homestead Land Co. v. Becker,* 96 Wis. 206 (71 N. W. 117). But to go further and show by parol evidence, without any such specification in the bill of sale, that, by the description therein, the parties intended to treat the engine as a chattel, and thereby construe or vary the description in the deed, would be contrary to all the rules of evidence applicable to the construction and effect of such instruments.

Appellants' motion to strike appellee's additional abstract which has been submitted with the case is overruled.

The decree of the trial court is *affirmed.*