## McLeod v. Clark.

### [71 South. 11.]

1. VENDOR AND PURCHASER. *Bona fide purchaser. Notice of parol reservation. Fixtures. What constitutes. Statute of frauds.*

   Where the owner sold a lot a portion of which was occupied by a store house extending a distance of nine feet over the lot with a parol reservation of the right to remove the house, a subsequent purchaser of the lot without notice of the reservation could maintain an action for trespass against the original owner for removing the house over his protest.

2. FIXTURES. *What constitutes.*

   A store house standing on pillars, of brick and wood is a fixture and goes with the land on the sale thereof and the vendor has no right to remove the same as against an innocent purchaser from his vendee.

3. STATUTE OF FRAUDS. *Parol reservation of interest in land.*

   On the sale of land a parol reservation by the vendor of the right to remove a fixture thereon, was void under the statute of frauds, as to an innocent purchaser from the vendee thereof.

APPEAL from the circuit court of Forest county.
HON. P. B. JOHNSON, Judge.

Suit by Louis B. Clark against John A. McLeod. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Stevens, Stevens & Cook,* for appellant.

*Tally & Mayson,* for appellee.

SYKES, J., delivered the opinion of the court.

The appellant, John A. McLeod, was the owner of a lot in the business portion of the town of Hattiesburg. This lot fronted fifty feet on Pine street and was one hundred and fifty feet deep; on which lot was situated a one-story frame storehouse building about thirty feet wide and one

hundred feet long. This storehouse stood on pillars; some being brick, and some brick and wood. Appellant sold twenty front feet of this lot to one William Moffett, Jr., on April 3, 1907. Nine feet of the storehouse building was located on the part of the lot sold to Moffett. A number of the brick pillars and brick and wooden pillars were also on Moffett's land. There was also a side door opening on the Moffett side of the lot. The appellant gave Moffett a warranty deed to said twenty feet, but attempted to reserve, orally, title to the storehouse above mentioned. Shortly thereafter, Moffett sold the land to one M. D. King, giving King notice of the oral reservation of title to the house in McLeod. On May 7, 1907, for a cash consideration of three thousand, six hundred dollars, King sold the said lot by warranty deed to Louis B. Clark, the appellee in this case. Clark was not informed of the oral agreement reserving to McLeod the title to the house. The testimony in the case shows that, at the time of purchase by Clark of the lot, the storehouse was rented by the appellant to a tenant who was paying the rent to the appellant. The appellee Clark, however, did not know to whom the rents were being paid at the time of his purchase, neither did he know of the claim of McLeod to the entire house. Shortly after purchasing the lot, the appellee took the question of rents of the house up with the appellant, requesting that he pay him his part of the rent. This appellant declined to do, and told Clark that he claimed title to the entire house under the oral reservation above set forth. The appellee then, through his agent, notified Mr. McLeod in writing that he claimed his portion of the rents, and also that the appellant must not move or interfere with the house. Appellant subsequently removed the house from the land of the appellee, and appellee filed this suit in trespass for conversion and damages against appellant; which trial resulted in a verdict and judgment for the appellee for about three hundred and twenty-five dollars from which appellant prosecutes this appeal.

Before the sale of the twenty feet of the lot by McLeod to Moffett, he (McLeod) had placed the said storehouse, or rather about nine feet of it, upon the lot sold to Moffett. When this was done, this fixture immediately became a part of the realty; consequently, any agreement or oral reservation of title as to the storehouse is absolutely null and void because contrary to the statute of frauds. It is an attempt, in effect, to convert real property into personal property by an oral agreement. After once becoming a part of the realty, the fixtures must always be dealt with as real property. This is quite different from an agreement made between parties that fixtures may be erected upon the land but are to remain personal property, because when the agreement is made the property is personal property and because of the agreement it never becomes real property. It needs no citation of authorities on our part to the effect that a house when built becomes a part of the real property; and, when it once becomes a part of the realty, any oral agreement as to its title is absolutely void.

"It is generally held in America that a parol sale of fixtures, part of the realty, by the owner of the fixture, is within the statute and void, and that to be valid it must be with the formalities prescribed for the sale of real estate. If by deed land is sold on which there is a fixture part thereof, a parol exception of the fixture is invalid. To be effective the exception must be according to the form requisite for the exception of other real estate." 19 Cyc. 1072.

*Affirmed.*