HOME OWNERS' LOAN CORPORATION, Appellant, v. GOTWALS, et al, Respondents

(297 N. W. 36.)

(File No. 8376. Opinion filed March 18, 1941.)

Rehearing Denied July 17, 1941.

**Walter Conway,** of Sioux Falls, for Appellant.

**Charles R. Hatch,** of Wessington Springs, for Respondents.

PER CURIAM. The Home Owners' Loan Corporation brought this action in claim and delivery against Amos Gotwals and Martha E. Gotwals to recover possession of a cupboard which had been installed in a dwelling owned by them, but subsequently conveyed to the plaintiff. The deed was in the usual form, and made no reference to the cupboard. Defendants removed from the dwelling the cupboard, claiming that it was personal property by reason of an agreement entered into between the defendants and an agent of the plaintiff prior to the execution and delivery of the deed. Defendants testified that at the time of the execution of the deed a lease was given by the plaintiff to the defendants as part consideration for the deed and that the matter of the removal of the cupboard was discussed and it was agreed that it belonged to the defendants and that they could detach this fixture during their occupancy of the premises. This testimony was denied by the plaintiff, but the issues were found in favor of the defendants.

Plaintiff objected to the introduction of testimony with reference to the agreement, moved for a directed verdict, and excepted to the instructions of the court on the ground that such an agreement would violate the statute of frauds. The question to be decided is whether this was a contract within the terms of that statute. The question whether the so-called parol evidence rule would apply is not involved. Defendant Martha E. Gotwals was asked: "Q. Was there any conversation with Mr. Ochsner before the deed was signed?" "Q. You may state that conversation." The court overruled the following objection by counsel: "Objected to if it has any bearing on the severance of this cupboard for the reason that it is an attempt to establish a parol contract in violation of the statute of frauds, being an attempt to

transfer an interest in real property by parol contract." The same objection and ruling were made with reference to the testimony of Amos Gotwals.

 Fixtures may become personal property by agreement. Myrick v. Bill et al., 3 Dak. 284, 17 N. W. 268; see also Curran v. Curran, 67 S. D. 119, 289 N. W. 418. The cupboard was not such an inseparable part of the house that an agreement that it be given the legal character of personal property could not be made, and it becomes unnecessary to determine the limitations, if any, to this doctrine that parties may make an agreement to give to property annexed to realty the legal character of personalty. The agreement in question did not involve a transfer of an interest in land. At a time when the defendants were owners of the premises, the parties agreed that the cupboard should be reimpressed with the character of personalty, and because such agreement does not constitute a transfer of real property it is not within the ambit of the statute of frauds. SDC 10.0605; 2 Tiffany, Real Property, 3rd Ed., 621.

The Judgment appealed from is affirmed.

ROBERTS, RUDOLPH, and SMITH, JJ., concur.

POLLEY, P.J., and WARREN, J., dissent.

POLLEY, P.J. (dissenting). The testimony leading up to the conveyance of this property by the defendant was as follows:

"Q. Did you later give a deed to this property? A. I did.

"Q. This signature which is attached to this deed marked Exhibit G, that is your signature? A. Yes.

"Q. This bears date the 13th of December, 1938. That is about the time it was executed? A. Yes.

"Q. And the Notary was William Ochsner? A. Yes.

"Q. Is that William Ochsner, the attorney in this case? A. Yes.

"Q. Where was this deed signed? A. In our kitchen.

"Q. And who was present? A. Amos, Bob and myself.

"Q. Who is Bob? A. Our boy fifteen years old.

"Q. Was there any conversation with Mr. Ochsner before the deed was signed? A. There was.

"Q. You may state that conversation."

To this question counsel for plaintiff interposed the following objection: "Objected to, if it has any bearing on the severance of this cupboard, for the reason that it is an attempt to establish a parol contract in violation of the Statute of Frauds, being an attempt to transfer an interest in real property by parol contract."

The objection was overruled, and the witness testified as follows: "A. Well he said he was the attorney for the Home Owners' Loan Corporation and wanted me to sign the deed. I told him I wouldn't want to sign any deed until I got my cupboards. He said 'Those cupboards are personal property and you can remove them any time before the six months expires'."

This conversation was intended to be, and under the per curiam opinion herein was, a conveyance of a portion of this property by a parol agreement. But conceding, (which I do not do), that owners of real property could segregate and convey real property by parol, the "parties" between whom the conversation took place were not the parties to the transaction involved. The Notary Public, William Ochsner, had no title to the property nor interest therein, and no authority to make a contract for the owners of the property. He was as much a stranger to the title to the property as any other party who could have taken defendant's acknowledgment to the deed.

In overruling the above objection the court committed error for which a reversal should be had.

WARREN, J. (dissenting). At the trial the defendants were allowed, over the objection of the plaintiff, to enter the oral agreement concerning the cupboard in evidence. The Trial Judge found as a matter of law that the cupboard was a fixture, and the jury found that appellant's attorney did make such an agreement and gave a verdict in favor of the defendants.

A fixture is personal property which has had its character changed to that of real property by affixation to real property in such a manner that it becomes a part thereof.

SDC 54.0207; 2 Tiffany Real Property, 3rd Ed., p. 557, § 606. Since the above is true any agreement involving this cupboard would be an agreement involving real property which under the Statute of Frauds SDC 10.0605 must be in writting. A written conveyance of the house and lot would convey the cupboard in the absence of a written reservation to the contrary. Pattison v. Hull, 1828, 9 Cow., N. Y. 747. In this case the warranty deed signed by the vendors, the Gotwals, conveyed the property to which the cupboard was attached with no written reservation of the cupboard.

The appellant contends, among other assignments of error, that the evidence of the oral agreement was inadmissible on the grounds (1) that it is an attempt to change the terms of a written contract by the introduction of parol evidence in violation of the parol evidence rule, and (2) it is an attempt to convey real estate orally in violation of the Statute of Frauds.

There are authorities which hold that a grantor may introduce parol evidence to show an oral agreement between himself and the grantee to the effect that fixtures that had become realty were by agreement between the parties to become personalty again and be excepted from the operation of a deed passing the realty to which the fixture was attached. See Frederick v. Devol, 15 Ind. 357; Strong v. Doyle, 110 Mass. 92; Pea v. Pea, 35 Ind. 387. The Trial Judge in the case at bar may have had this in mind when he admitted the evidence on which this appeal was taken.

There is, however, an abundance of authority which holds that where an owner attaches a fixture to the land and it thereby becomes realty, an oral agreement between a grantor and grantee of the land reserving the fixture to the grantor and excepting it from the operation of a deed conveying the realty of which the fixture has become a part, cannot be shown by parol evidence.

"As to whether fixtures, while annexed to the land, may be by parol excepted from the operation of a deed conveying the land upon which they are situated, there is a conflict of authority. If fixtures, while annexed, are to be

considered as partaking of the nature of realty, which clearly is the case where annexed by the owner of the freehold, the better opinion seems clearly to be, that a sale and conveyance of the real estate will (there being no exception in the deed of conveyance) pass the fixtures thereto annexed, notwithstanding a parol exception thereof at the time of such sale, not only because such parol exception is within the Statute of Frauds, but also because to admit parol evidence thereof, would contravene the rule that parol contemporaneous evidence is inadmissible to contradict or vary the terms of a valid written instrument. * * *". Ewell on Fixtures, 2nd Ed., p. 515.

The evidence is sometimes excluded on the ground that to give effect thereto would involve a violation of the parol evidence rule. Stoefen et al. v. Brooks et al., 66 S. D. 587, 287 N. W. 330; Janssen v. Tusha et al., 66 S. D. 604, 287 N. W. 501; Beebe v. Pioneer Bank & Trust Co., 34 Idaho 385, 201 P. 717; Smith v. Price, 39 Ill. 28, 89 Am. Dec. 284; Noble v. Bosworth, 19 Pick., Mass., 314; Conner v. Coffin, 22 N. H. 538; Leonard v. Clough, 133 N. Y. 292, 31 N. E. 93, 16 L.R.A. 305; Bond v. Coke, 71 N. C. 97; Blake-McFall Co. v. Wilson, 98 Or. 626, 193 P. 902, 14 A.L.R. 1275, and note. Some courts exclude the evidence on the ground that it would violate the Statute of Frauds. Townson v. Smith, 13 App. D.C. 48; Noble v. Bosworth, supra; McLeod v. Clark, 110 Miss. 861, 71 So. 11; Leonard v. Clough, supra; Bond v. Coke, supra; Clark v. Clark, Tex. Civ. App., 107 S. W.2d 421; In re Perkins, 65 Vt. 313, 26 A. 637; Pattison v. Hull, supra; Alsterberg v. Bennett, 14 N. D. 596, 106 N. W. 49; Lanier v. Winchester, 7 Ga. App. 227, 66 S. E. 626.

It would seem then that according to the general rule the evidence introduced in the present case was in fact inadmissible, either under the theory that it is an attempt to convey an interest in real estate by means of an oral agreement which is by SDC 51.1401 required to be in writing, or under the theory that it is an attempt to vary the terms of a written instrument by parol evidence which is by law inadmissible. Thompson v. Dakota Independent Oil Co., 67 S. D. 27, 288 N. W. 148. Respondent has called attention to

certain authorities. Among them I find De Rue v. McIntosh, 26 S. D. 42, 127 N. W. 532, and Farmers' Elevator Co. v. Swier et al., 50 S. D. 436, 210 N. W. 671. I think that in the latter case this court distinguished the De Rue v. McIntosh case sufficiently and it needs no further comment or additional statement here. In the case of Cullen v. Spotts, 47 S. D. 339, 198 N. W. 708, plaintiff sued on a rent note and defendant set up a counterclaim alleging the failure of a water supply and attempted to introduce evidence of an oral agreement by plaintiff to furnish sufficient water. No allegation of fraud, mistake or inducement was made and the court cited Section 860, Rev. Code 1919, now SDC 10.0604 as follows: "The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument." The court concluded that parol evidence of the oral agreement was inadmissible. In the concurrence with the courts that follow the rule of law in the exclusion of parol evidence I agree, that there being no exception in the deed of conveyance, that the fixtures that are annexed automatically pass with the grant in the deed, and I quote from Blake-McFall Co. v. Wilson, supra [98 Or. 626, 193 P. 906, 14 A.L.R. 1275]:

"If personalty has been transformed into realty, then logically it ought to be governed by the rules which control realty. The precedents which reach the conclusion that a fixture may by a parol agreement be constructively reconverted from realty into personalty do so only by adopting artificial and arbitrary premises. Moreover, the universal rule is that, in the absence of an agreement, a fixture which has taken on the character of realty passes with a conveyance of the land and that it passes by force of the writing. If then the writing enforces a transfer of the fixture, the force of the writing is opposed and the terms of it are necessarily contradicted by any agreement which purports to withdraw such fixture from the operation of the deed; and therefore, if that agreement rests in parol, it inevitably results in an attempt by parol to vary the terms of the written deed."

In Alsterberg v. Bennett, supra, the court expressed the almost hopelessness of the task of attempting to analyse and discuss the mass of cases bearing on the question as to what constitutes a valid independent or collateral agreement in varying the terms of a written instrument, and then concluded as follows [14 N. D 596, 106 N. W. 51]: "The whole subject is discussed in Wigmore on Evidence, § 2427 et seq. We hold that it must be conclusively presumed that the deed in this case is the sole evidence of the obligations of the grantor with respect to the nature and condition of the title, and hence supersedes all prior or contemporaneous oral agreements or stipulations on his part concerning that matter."

It is my opinion that the evidence of the oral agreement was inadmissible, Farmers' Elevator Co. v. Swier et al., supra, and that the appellant's motion for judgment notwithstanding the verdict should have been sustained.