## BANTA v. MERCHANT.

(Supreme Court, Appellate Division, Third Department. November 15, 1899.)

1. APPEAL—VERDICT—CONFLICTING EVIDENCE.
    A verdict based on conflicting evidence will not be disturbed.
2. GROWING CROPS—RESERVATION—SALE IN PARTITION.
    Where the purchaser at a partition sale and the owners of the land were present in person or by attorney when the referee announced at the sale that the interest of a lessee of one of the owners in the rye crop was reserved, and no objection was made, it will be assumed that they recognized such lessee's interest, and that the notice thereof was given by their authority, and that the sale as made was subject to such interest.
3. SAME—FAILURE TO RESERVE IN DEED.
    Where, at the time lands were sold at a partition sale, the interest of a lessee of one of the owners in a growing crop was reserved, the deed subsequently given, which contains no reservation of such interest, does not prevent the lessee from asserting his rights thereto.
    Parker, P. J., dissenting.

Appeal from trial term, Broome county.

Action by Christopher J. Banta against Thomas B. Merchant for conversion. From a judgment for plaintiff, and an order denying a motion for new trial, defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

T. B. & L. M. Merchant, for appellant.
Carver & Deyo, for respondent.

MERWIN, J. This action is brought by plaintiff to recover the value of his interest in a crop of rye put in by him in the fall of 1895 upon a farm then owned by Louise Ricks and Frank E. Burdick, under an arrangement made by plaintiff with Mrs. Ricks to put in the crop upon shares. Mrs. Ricks was then in possession, and had been for about two years. A partition suit was pending, commenced by Burdick in the spring of 1895, the defendant here being one of the attorneys for the plaintiff in that suit. That case was brought to trial in February, 1896, and on 13th February, 1896, an interlocutory judgment was entered for the sale of the premises by a referee. The sale took place on March 31, 1896. The defendant here became the purchaser, and on the 13th April following he received a deed from the referee. Upon the trial now under review, evidence was given on the part of the plaintiff tending to show that at the time of the sale, and before it occurred, and in the presence of all the parties, including this defendant, the referee gave notice that the interest of the plaintiff in the rye crop was reserved.. The court charged the jury that, if they found that such reservation was made by the referee, the plaintiff had a right to recover; otherwise not. To this the defendant excepted, and asked the court to charge as matter of law that the interest of the plaintiff in the rye crop could not have been reserved at the sale. This request the court refused, and the defendant excepted. The jury, in finding a verdict for plaintiff, in effect found that the reservation claimed by plaintiff was made. This finding the defendant claims to be against

the weight of evidence. It was conceded by the defendant that the attorney for Mrs. Ricks announced before the sale that the interest of plaintiff here was reserved. The evidence was conflicting as to whether or not the referee also announced such reservation. The plaintiff testifies that after the sale the defendant said to him that he bought the farm with the understanding that he (the plaintiff) owned half the rye. This, however, the defendant denied. It is not improbable that the reservation was made as claimed by plaintiff, and the verdict of the jury on the subject should not, we think, be disturbed. But it is argued that the referee at the sale had no right to make the reservation, as it was not mentioned in the interlocutory judgment or in the written conditions of sale. Still, the owners of the property were present in person or by attorney. Burdick was there, and also his attorney. The husband of Mrs. Ricks was there, and also her attorney, and no objection was made to the announcement. It was made at the suggestion of the attorney for Mrs. Ricks, and evidently for the benefit of the plaintiff, who had dealt with her. Whether the announcement was authorized by the parties was at least a question of fact. We must, I think, assume that the parties in interest recognized the right of the plaintiff, and that notice thereof was given at the sale by their authority, and that the sale as in fact made was subject to plaintiff's rights. The deed subsequently given did not contain any reservation of plaintiff's rights, and therefore the defendant claims that the reservation at the sale, if made, was not operative in favor of the plaintiff; in other words, the deed carried to the defendant more than he purchased. The theory seems to be that the deed, as matter of law, operated to convey the growing crop, and cannot be contradicted or lessened in its force by anything that occurred at the sale.

The growing crop was personal property. The interest of the plaintiff therein was that of a tenant in common. Harris v. Frink, 49 N. Y. 24, 27. Growing crops put in by the owner of the soil pass by a conveyance of the land as an appurtenant to the realty, unless excepted or reserved. It has been held that a parol reservation of a crop to the grantor is void, as contradicting the conveyance. Austin v. Sawyer, 9 Cow. 39. In that case, however, it was also held that, if one sells his crop by parol, and afterwards conveys the land, the conveyance will not carry the title to the crop. So one who takes a deed of a lot with notice that a barn thereon belongs as personal property to another party does not, by his deed, take title to the barn, though there is no exception or reservation in the deed. Leonard v. Clough, 133 N. Y. 292, 297, 31 N. E. 93, 16 L. R. A. 305. The agreement by plaintiff with Mrs. Ricks was after the filing of the notice of pendency in the partition action, and it may be that Burdick, the plaintiff in that action, had a right to have the property sold free from any claim of the plaintiff here. Burdick, however, was at the sale, and assented to the reservation, thus recognizing the right of the plaintiff. The latter was not a party to the partition action. Had his agreement with Mrs. Ricks been made, and the crop put in, prior to the commencement of that action, his rights would not have been affected by the action. The reservation at the sale

should place him in the same position as if his right had accrued before the action was commenced. In Backenstoss v. Stahler's Adm'rs, 33 Pa. St. 251, it was held that a party may show by parol that the growing crops were reserved on a sale of land by order of court in proceedings for partition, although there be no exception in the deed; that a parol reservation is a severance of the growing crops, and will prevent them from passing as realty. In that case it was claimed, as here, that such a reservation contradicted, not only the order of the court, but the conditions of the sale. Still, the reservation was held to be effective. In Congden v. Sanford, Hill & D. 196, it seems to have been held that the fact that a deed upon a foreclosure sale under a decree did not except a growing crop of rye put in upon shares after the commencement of the foreclosure suit, in pursuance of an arrangement with the mortgagor before the commencement of the suit, and assented to by the mortgagee after the commencement of the suit, did not prevent the party putting in the rye from obtaining his share, the master at the sale having sold the premises subject to his rights. We are of the opinion that the deed to the defendant does not prevent the plaintiff from asserting his rights, and that, as the defendant did not in fact purchase the plaintiff's interest in the crop, he cannot defend successfully the plaintiff's action for its conversion. There is no dispute as to the amount of the verdict, provided the plaintiff in other respects is entitled to recover.

Judgment and order affirmed, with costs. All concur, except PARKER, P. J., who dissents.