### BECK v. McLANE.

(Supreme Court, Appellate Division, Fourth Department. January 6, 1909.)

1. CROPS (§ 6*) — DEED OF LAND — ORAL RESERVATION OF GROWING CROPS FOR THIRD PERSON.

After the tenant of plaintiff's farm had sowed rye on part of it, on an oral agreement that half the crop was to belong to him, and that he might harvest it after expiration of his lease, plaintiff conveyed the land to defendant, who orally agreed to respect the agreement with the tenant, and to take care of him as respects the rye for plaintiff's benefit. *Held* that, the rye being personal property and belonging to a third person, the agreement between the parties to the deed, amounting to a constructive severance of the rye, effectively reserved or excepted it.

[Ed. Note.—For other cases, see Crops, Cent. Dig. § 4; Dec. Dig. § 6.*]

2. SUBROGATION (§ 11*)—PERSON LIABLE FOR FAULT OF ANOTHER.

After the tenant of plaintiff's farm had sowed rye on it, on an oral agreement that half of it should belong to him and that he might harvest it after expiration of his lease, plaintiff conveyed the land to defendant, who orally agreed to respect the agreement with the tenant and to take care of him as respects the rye for plaintiff's benefit. *Held* that, the tenant having obtained judgment against plaintiff, on defendant refusing the rye to the tenant, plaintiff was subrogated to the tenant's right of action against defendant for conversion.

[Ed. Note.—For other cases, see Subrogation, Cent. Dig. § 4; Dec. Dig. § 11.*]

3. INDEMNITY (§ 13*)—CONTRACT OF INDEMNITY.

The oral agreement of defendant, on receiving a deed of a farm from plaintiff, to respect the oral agreement of plaintiff with his tenant, under which the tenant had sowed rye on the land, that half the crop should belong to the tenant, and that he might harvest it after expiration of his lease, was in effect one to indemnify plaintiff against the tenant's claim, so that, defendant having refused to let the tenant remove the crop and the tenant having recovered judgment of plaintiff because thereof, plaintiff could recover over against defendant.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 29–35; Dec. Dig. § 13.*]

McLennan, P. J., and Kruse, J., dissenting.

Appeal from Trial Term, Erie County.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Michael J. Beck against James McLane. From a judgment for defendant, and from an order denying a motion for new trial, plaintiff appeals. Reversed, and new trial ordered.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

M. B. Harrington, for appellant.

L. P. Hancock, for respondent.

SPRING, J. On the 16th of March, 1906, the plaintiff conveyed his farm to the defendant; the deed containing covenants of warranty. At the time of the delivery of the conveyance the farm was in possession of a tenant, whose term was to expire on April 1st following. In the fall preceding the tenant had sowed five acres of rye on the farm, upon an oral agreement with the plaintiff, his landlord, that one-half of the rye was to belong to him, and that he was to have the right to harvest the same in the fall, after the expiration of his tenancy. The defendant owned a farm adjoining that of the plaintiff. He knew of the possession of Larkin, the tenant; knew that he had sowed the rye; was informed specifically of the title of Larkin to one-half of this crop and of his right to harvest the same, and at the time of the execution of the deed expressly agreed to respect the agreement with Larkin; and the defendant understood that the deed was delivered on condition that he would take care of Larkin as to the rye for the benefit of the plaintiff. In the fall Larkin attempted to harvest the crop. The defendant, who was in possession of the farm, prevented this, asserting title in himself, and harvested it. Larkin sued the plaintiff in justice's court on his agreement, and recovered the value of the rye. The defendant had notice of this suit and did not defend, although present at the trial. The plaintiff has now sued the defendant, setting out the facts above recited and the judgment recovered by Larkin against him.

The rye was personal property, and the tenant became the owner by virtue of the oral agreement with his landlord. Green v. Armstrong, 1 Denio, 550, 554; Austin v. Sawyer, 9 Cow. 39, 41; Harris v. Frink, 49 N. Y. 24, 10 Am. Rep. 318; Sexton v. Breese, 135 N. Y. 387, 32 N. E. 133 While growing crops ordinarily pass by a conveyance, yet slight proof is sufficient to retain their character as personal property and exempt them from the transfer. The agreement of the parties to this action was equivalent to a constructive severance of the rye, and its reservation or exception was effective, although not contained in the deed. Sherman v. Willett, 42 N. Y. 147; Banta v. Merchant, 45 App. Div. 141, 61 N. Y. Supp. 218; Leonard v. Clough et al., 133 N. Y. 292, 297, 31 N. E. 93, 16 L. R. A. 305.

In the last case cited, Robie Clough, the defendant, conveyed a tract of land to her daughter, Mary Gilbert, reserving a small strip of the land. A barn was located on the premises, one-third of which extended on the strip reserved. The grantee stated at the time of the conveyance that the barn belonged to the grantor. Subsequent conveyances by warranty deed were made, without reservation in any of the conveyances, although each grantee was informed that the original

grantor owned the barn, and she all the time was in possession of it. The defendant, the grantor, moved off the barn in spite of the protest of the plaintiff, who had become vested with the title to the land, and he sued in trespass. Parol proof was received of the oral reservation of the barn, and the Court of Appeals held this was error. The court in its opinion says that the barn was real estate, like growing trees or a mine, and that, as the reservation was in favor of the grantor, it could not be established by parol. The distinction between assertion of title based on such a reservation by a grantor and one in favor of a stranger to the conveyance is well recognized; the court saying, at page 297 of 133 N. Y. and page 94 of 31 N. E. (16 L. R. A. 305):

"If at the time of the conveyance of Mrs. Clough the barn had been personal property in the ownership of some other person, and the grantees had been notified of that fact, the title to it would not have passed by the successive conveyances. If this barn had been placed upon the lot by some third person with the consent of the owner, and with the understanding that such third person could at any time remove it, it would have remained personal property, and would not have passed to a purchaser under any form of conveyance, providing such purchaser had notice of the fact. But, where the land and the buildings thereon belong to the same person, then the buildings are a part of the real estate, and pass with it upon any conveyance thereof."

The distinction noted obtains in the present case. The title to the rye was in Larkin, the tenant, not plaintiff, the grantor. It was personal property, and Larkin could hold it against the defendant, who purchased with notice of the title, and also agreed to recognize it.

In Banta v. Merchant, 45 App Div. 141, 61 N. Y. Supp. 218, the defendant had sowed a crop of rye on shares. The land was sold on a judgment in an action of partition before the rye was harvested, and it was claimed that the referee on the sale reserved the rye. The court held the growing crop was personal property and that the reservation by parol was effective. The trial court in that case submitted to the jury the proposition whether the referee did in fact make such a reservation, advising the jury that, if so, a recovery could be had; otherwise, not. The Court of Appeals granted a new trial (173 N. Y. 292, 66 N. E. 13) upon the ground that the statement of the referee was too indefinite to establish a reservation or to advise the purchaser of the precise nature of the claim. The general principles above adverted to were recognized (page 296 of 173 N. Y. and page 13 of 66 N. E.).

Larkin, the tenant, might have maintained his action against the defendant for conversion. He elected to sue on the contract made with his landlord. Upon the recovery and payment of the judgment, the latter became subrogated to all the rights of his tenant.

Beyond that, the defendant agreed to take care of Larkin, either by payment or by permitting him to harvest the rye. It was in effect an agreement to indemnify the plaintiff against Larkin's claim, which the defendant failed to do. The only purpose of the plaintiff in insisting upon the promise as a condition of the delivery of the deed was to save himself harmless. He knew his liability to Larkin, and the defendant was willing to protect him against it. At least, the plaintiff was entitled to the verdict of the jury upon the facts.

The judgment should be reversed.

Judgment and order reversed, and a new trial granted, with costs to the appellant to abide event. All concur, except McLENNAN, P. J., who dissented in an opinion, and KRUSE, J., dissenting in a memorandum.

McLENNAN, P. J. (dissenting). While the amount involved in this litigation is comparatively small, it seems to me that a rule of law is about to be enunciated which is far-reaching in its effect, and such as will tend to unsettle the law as to the transfer of real estate, and, as it seems to me, is incorrect. The facts are hardly in dispute. On the 4th day of March, 1903, and prior thereto, the plaintiff was the owner of a farm, comprising about 60 acres, situate in the town of Alden, Erie county. On that day he executed a lease to one Charles L. Larkin, for the term of three years from the 1st day of April, 1903, for the annual rental of $155. It was also provided in said lease that the tenant should have the privilege of leasing said premises for two years more, upon the same terms, provided he gave written notice to that effect to the owner of the premises on or before January 1st preceding the end of said term. In the lease the owner of the premises, the party of the first part, reserved the right to sell said premises during said term, and the tenant agreed to vacate and remove from the same on or before April 1st following said sale; but it was provided that, in case the premises were sold during the first or second year of said term, the said party of the second part, the tenant, was to receive the sum of $77.50 for moving before the end of said term. The second party, the tenant, agreed that at the expiration of said term he would surrender up said premises to the party of the first part, or to the owner thereof, in as good condition as they were when leased, necessary wear and damages by the elements excepted. On the 16th day of March, 1906, the owner of said premises sold the same to the defendant, giving a warranty deed therefor; there being no mention in said deed of the tenancy of Larkin.

It appears that the tenant, Larkin, sowed upon said premises five or six acres of rye, and it is claimed that under a parol agreement between him and his landlord it was agreed that he should be permitted to harvest said rye, one half of which should belong to him and the other half to his landlord. It is also claimed that the defendant in this action knew of the parol agreement thus made between the tenant, Larkin, and this plaintiff, at the time or prior to the time when he purchased the premises in question. When the rye became ripe, Larkin, the tenant, attempted to harvest and care for the same. The defendant, purchaser of the premises, who was then in possession, forbade him from harvesting the same or entering upon the premises for that purpose. Larkin then brought an action against his landlord as for a breach of the oral contract entered into by them by which, as it is alleged, the tenant was to have the right and privilege of harvesting the rye in question. That case was tried, and a judgment recovered by the tenant, Larkin, against his landlord, for $35 damages and $5.13 costs. This action was brought by the plaintiff (the defendant in that action) to recover the amount of the judgment so obtained against him. In justice's court it was decided that this plaintiff had

no cause of action against this defendant, and judgment was entered accordingly, which was affirmed by the County Court.

As it seems to me, there was no privity of contract between the tenant, Larkin, and this defendant, the purchaser of the premises in question. The defendant obtained title to the premises by means of a warranty deed, and I think it was not competent for the plaintiff to prove by parol that the defendant took a less title to such premises. If, under the circumstances, the defendant, the purchaser of the premises, improperly took possession of the rye, and prevented the tenant, Larkin, from exercising the right of possession over it, then his right of action was against the defendant for conversion and because of his wrongful act. It does not seem to me that under such circumstances he may bring an action against his landlord as for a breach of contract, and recover a judgment, and that such judgment so recovered shall be the basis for measuring the amount of recovery against the defendant, the purchaser of the premises, and who holds under a warranty deed given to him by the plaintiff.

This is an action at law, and the question is, May a transferror of real property, who gives a warranty deed of the same, have judgment against a transferee of such property because the transferror has not kept faith with, or performed his contract made with, a tenant of such property, entered into prior to the execution of such warranty deed, notwithstanding the purchaser may know of the terms of the contract existing between the tenant and the landlord? In other words, in an action at law, and where no question is raised as to the insolvency of other parties concerned, has not a purchaser of real property the right to rely upon the terms of a warranty deed, or must he protect himself against a judgment which a former tenant of such premises may recover against the grantor because of an alleged breach of an oral contract relating to such tenancy?

It seems to me that the judgment appealed from is right, and should be affirmed, with costs.

KRUSE, J. (dissenting). I think the oral reservation of the rye was good as to the tenant, and assuming, also, that as between the grantor and grantee it was effectual, and that the oral agreement is not in contravention of the deed and covenant of warranty, still I am unable to see how the plaintiff is entitled to recover. If the title to the rye did not pass by the conveyance to the grantee, the tenant has no claim against the grantor for the refusal of the grantee to permit the tenant to take it. The grantor is not responsible for the wrongful act of the grantee in that regard, and merely because the tenant obtained a judgment against the grantor for such wrongful act of the grantee does not in turn make the grantee liable to the grantor for the judgment so recovered, unless, of course, there was an agreement between them to that effect. I think the evidence falls short of proving any such agreement. Nor do I see how the law of subrogation applies to this case.

I therefore vote for affirmance.