The Sacred Heart Roman Catholic Church, Respondent, *v.* Frederick Vedder, Edward Cole, Louis Cole, Herbert Stevens and Charles Stevens, Appellants.

(County Court, Columbia County, May, 1913.)

Judgments — rendered by justice of the peace — real property.
Deeds — what passes under — by trustee in bankruptcy.

> Where it appears that the treasurer of a religious corporation not only had notice of facts indicating that a band-house on land conveyed to it under a deed given by a trustee in bankruptcy, in which the only property described was real estate, was owned by others than the bankrupt and its trustee, but that the treasurer believed that the band-house might be

removed rightfully, it must be held, as matter of law, that such band-house was personal property which did not pass under the deed of conveyance to plaintiff; and a judgment for plaintiff rendered by a justice of the peace in an action to recover for injury to the building and not because of any injury to the soil will be reversed.

APPEAL by the defendants from a judgment of a justice's court after a trial by jury.

Samuel B. Coffin, for appellants.

Arthur Helme, for respondent.

McNAMEE, J. This action was brought by the plaintiff, a religious corporation, to recover for injuries to a building standing on plaintiff's land. The plaintiff alleged in its complaint that it " was the owner of certain real property situated in the village of Philmont," and that the defendants entered upon its land and injured " a one-story frame building thereon, the property of the Sacred Heart Roman Catholic Church," and demanded treble damages, under section 1433 of the Penal Law. It is very clear from the record that the action was brought because of injury to the building and not because of any injury to the soil.

In addition to a general denial the defendants by their amended answer alleged as a defense that they " claim title to the said building and are the true owners of the same," and that they had a lawful right to do the acts of which plaintiff complained.

The defendants filed the undertaking provided for in section 2952 of the Code of Civil Procedure, and asked the justice to enter judgment of discontinuance on the ground that the pleadings showed that the title to real property would come in question, which request the justice denied.

In their brief and on the argument the defendants urged the reversal of the judgment on three grounds: First, because the pleadings showed that the title to real property would come in question; second, that it appeared upon the trial, from plaintiff's own showing, that the title to real property was in question; third, because the verdict and judgment were contrary to the evidence and against the weight of the evidence.

Before the justice is called upon to enter judgment of discontinuance because of a plea of title the answer must allege facts showing that the title to real property *will* come in question. Code Civ. Pro., §§ 2951–2954. The defendants did not claim title to the soil on which the building stood, nor did they dispute the plaintiff's title to the soil; it was the ownership of the building alone that was claimed by the defendants, and title to the building was the only question of title that was raised by the pleadings. The defendants could claim ownership of the building, while not disputing the plaintiff's title to the soil, only on the theory that the building was personal property. And in so far as there was merit in defendants' claim they were not drawing in question the title to real estate, but the ownership of personal property. The justice, therefore, did not err in denying defendants' motion to discontinue because the pleadings showed that the title to real property would come in question.

The defendants urge that the title to real property came in question on the trial upon plaintiff's own showing, and for this reason the justice erred in refusing to grant defendants' motion to dismiss the complaint and for judgment against the plaintiff, at the close of the plaintiff's case. On the trial and on the argument of the appeal the plaintiff contended that the building in question was real estate and belonged to it, and the defendants contended that the building was personal

·County Court, Columbia County, May, 1913. [Vol. 80.

property and belonged to them. Whether the question of title to real estate arises in such circumstances seems never to have been passed upon by the courts of this state; and a decision here of that question is rendered unnecessary by a disposition of the remaining question in this case.

On the trial the only proof on the part of the plaintiff of title or right to possession consisted of the deed of conveyance of the land. The deed was that of a trustee in bankruptcy and purported to convey, as is usual in official deeds, only such estate and title as the grantor could convey as such officer. The only property described in the deed was a parcel of real estate. Confessedly, in such circumstances, the grantee would take only the land described and such fixtures as had become a part of the freehold. The building in question was a band-house, one story high, built of wood and resting on a stone foundation, and, if owned by the grantor, would pass to the grantee under a deed of the land. But if the band-house at the time of the grant was owned by one other than the grantor it would not necessarily pass to the grantee. Authorities, *post.*

It appears in the testimony, without contradiction or question, that the land on which the band-house stood was formerly owned by James Aken, that the band-house was built by the members of the band with money borrowed by them from Mr. Aken and subsequently repaid to him by the members of the band, and that the building was placed upon the land of Mr. Aken with his consent and under an agreement that it might be removed at any time the members of the band should care to do so. It likewise appears that later the title of the land passed to the Aken Knitting Company where it seems to have remained until the conveyance to the plaintiff; that during all this time, about twenty years, the members of the band had occupied and used

this band-house for practice, except during intervals when they were inactive as a band. The chief witness for the plaintiff was its treasurer, the Rev. Father Meegan, who was also the pastor of its congregation. He testified that he negotiated for the property and accepted the deed in behalf of the church, and that before purchasing the property he had understood that the members of the band had built the band-house and had paid for it and had the privilege of putting it on Mr. Aken's land; and that the witness had told the president of the village, before the church bought the property, that if the land on which the band-house stood were to be sold, and the church were not to buy it, the band-house might be moved onto land of the plaintiff. This witness testified also that he had " supposed " that the money with which the band-house was paid for had been collected from the public. Thus it appears several times in the testimony of this witness, in unequivocal terms, that the treasurer of the plaintiff not only had notice of facts indicating that the band-house was owned by others than the Aken Knitting Company or its trustee in bankruptcy, but also that he believed that the band-house might be removed rightfully from the land where it stood.

From this evidence, which is substantially without contradiction or question, as a clear matter of law, the band-house did not become real property when placed upon the land, but remained the personal property of those who put it there; and, as to this plaintiff, it was personal property and did not pass under the deed of conveyance to the plaintiff. This principle has been recognized and applied by the courts of this state from an early time. Smith v. Benson, 1 Hill, 176; Mott v. Palmer, 1 N. Y. 564; Ford v. Cobb, 20 id. 344.

The Mott case arose in this county in 1846, and there the Court of Appeals held that a fence standing on the

land of a grantor at the time of conveyance, which was put there by another under an agreement with the owner that it could be removed by the builder, did not pass with a conveyance of the land, even though the grantee had no notice of the agreement with the builder of the fence. Later cases in which this principle is recognized are: Leonard v. Clough, 133 N. Y. 292; Banta v. Merchant, 45 App. Div. 141; Davis v. Bliss, 187 N. Y. 82.

The Leonard case was decided in 1892, and arose out of an attempt by Mrs. Clough and her immediate grantee to reserve by parol a barn standing in part upon land which was being conveyed by a deed absolute on its face. The Court of Appeals held that this could not be done, because at the time of the conveyance the barn was the property of the grantor and a part of the realty. Chief Judge Earl in delivering the opinion of the court wrote: "If at the time of the conveyance of Mrs. Clough the barn had been personal property in the ownership of some other person, and the grantees had been notified of that fact, the title to it would not have passed by the successive conveyances. If this barn had been placed upon the lot by some third person with the consent of the owner and with the understanding that such third person could at any time remove it, it would have remained personal property and would not have passed to a purchaser under any form of conveyance providing such purchaser had notice of the fact."

The case at bar very clearly falls within the rule laid down by the authorities mentioned, which are controlling and require a reversal of the judgment.

Judgment reversed, with costs.