(86 Misc. Rep. 4)

### CORN EXCHANGE BANK v. GROSS.

(Supreme Court, Appellate Term, First Department. June 18, 1914.)

1. BANKS AND BANKING (§ 171*)—DEPOSITS—LIABILITY.

    A bank, receiving a depositor's note against defendant for $255, was bound to pay the depositor the amount lost by him through its negligence in collecting only $205 thereon.

    [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 597–617; Dec. Dig. § 171.*]

2. SUBROGATION (§ 11*)—PAYMENT—SUBROGATION TO RIGHTS AGAINST ONE PRIMARILY LIABLE.

    In such case the bank, on payment to the depositor of the amount lost through its negligence, was subrogated to his right of action against the maker as the party primarily liable to pay it.

    [Ed. Note.—For other cases, see Subrogation, Cent. Dig. § 4; Dec. Dig. § 11.*]

3. COURTS (§ 188*)—MUNICIPAL COURTS—JURISDICTION—EQUITABLE OR LEGAL RIGHT.

    An action for money had and received, while equitable in its nature, is maintainable in the Municipal Court, which, under the statute, has no equity powers.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 412, 439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. § 188.*]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by the Corn Exchange Bank against Samuel Gross. Judgment for defendant, and plaintiff appeals. Reversed, and judgment ordered for plaintiff.

Argued June term, 1914, before SEABURY, PAGE, and BIJUR, JJ.

Bowers & Sands, of New York City (John J. Halpin, of New York City, of counsel), for appellant.

Stern, Eisler & Ringel, for respondent.

SEABURY, J. This is an appeal by the plaintiff from a judgment rendered in favor of the defendant, dismissing the complaint. One Schnur, a depositor in plaintiff bank, placed with it a note for collection, made by the defendant, amounting to $255. The plaintiff's assistant manager, in marking the amount of interest and carrying down the total, wrote $205, instead of $255, and this latter amount was entered in the books of the bank as being the amount due from defendant. When the note fell due, a notice was sent to the defendant to the effect that plaintiff held his note for $205. Subsequently the defendant sent an employé to the bank, with, as the plaintiff claims, but $205, to whom it delivered the note. When Schnur presented his book for balancing, the discrepancy between the actual amount due on the note and the amount credited him was discovered. The plaintiff thereupon credited Schnur with the sum of $50, and defendant was notified, and asked to pay that sum, and upon his refusal this action was brought. The defendant upon the trial contended that he had paid the full amount of the note to plaintiff, and showed that he had given to his messenger the sum of $255 for delivery to the bank. Whether or not the messenger delivered $255 to the plaintiff, or but $205, was the only question of fact in the case, and upon that issue the court below found in favor of the plaintiff, but dismissed the complaint, holding that the doctrine of subrogation was involved, and that, subrogation being an equitable right, the Municipal Court had no jurisdiction; it being deprived by statute of equity power.

[1, 2] We do not think that the court below was called upon to affirmatively exercise the functions of a court of equity. The plaintiff was in law bound to pay Schnur the amount lost by him through its negligence, and when such payment was made it was thereby and at once subrogated to Schnur's right of action against defendant. Beck v. McLane, 129 App. Div. 745, 114 N. Y. Supp. 44. When a person is compelled to pay a claim, or has legitimately an interest to protect in doing so, he is entitled to his remedy against the party primarily liable to pay it. Arnold v. Green, 116 N. Y. 566, 23 N. E. 1; Smith v. Nat. Surety Co., 28 Misc. Rep. 628, 59 N. Y. Supp. 789, affirmed 46 App. Div. 633, 62 N. Y. Supp. 1105; Sexton v. Fensterer, 154 App. Div. 542, 139 N. Y. Supp. 811.

[3] The doctrine of subrogation is cognizable at law, although the doctrine is equitable in origin. De Brauwere v. De Brauwere, 69 Misc. Rep. 472, 126 N. Y. Supp. 221. An action for money had and received is equitable in its nature, but the right to maintain such an action in the Municipal Court has never been questioned. The defendant is liable for the amount sued for, and no injustice is done him in

requiring him to pay this sum to the plaintiff. He still has his right of action against his messenger, and can recover, unless he fails to prove delivery to him of the full amount of the note.

Judgment reversed, with costs, and judgment ordered for the plaintiff for $50 and appropriate costs in the court below. All concur.