(87 Misc. Rep. 312)

### JOSEPH BALABAN CO. v. CITY OF NEW YORK.

(Supreme Court, Appellate Term, First Department. November 19, 1914.)

1. MUNICIPAL CORPORATIONS (§ 354*)—PUBLIC CONTRACTS—RESCISSION.
    Where, through the negligence of defendant's engineer, plaintiff received the wrong plans for work upon which he bid, plaintiff could rescind the contract, though defendant, a municipality, accepted it, and the work was upon a public improvement.
    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 886, 887; Dec. Dig. § 354.*]

2. MUNICIPAL CORPORATIONS (§ 343*)—CONTRACTS FOR IMPROVEMENTS—RESCISSION—RECOVERY OF DEPOSIT.
    Where a public contractor was entitled to rescind his bid, made for municipal work, notwithstanding the municipality's acceptance, he could maintain an action for money received to recover back a deposit made.
    [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 343.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by the Joseph Balaban Company against the City of New York. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued October term, 1914, before SEABURY, BIJUR, and COHALAN, JJ.

Frank L. Polk, Corp. Counsel, of New York City (Terence Farley, and Clarence L. Barber, both of New York City, of counsel), for appellant.

Boudin & Liebman, of New York City (Louis B. Boudin, of New York City, of counsel), for respondent.

COHALAN, J. The pleadings in this action were oral. The plaintiff sued for money had and received, and the answer was a general

denial. The action was brought to recover the sum of $45, deposited by the plaintiff with the defendant in connection with the making of a certain bid by the plaintiff for the doing of some work upon a public improvement. The facts are not disputed. The defendant advertised for bids for certain work to be done in constructing a dumping board at the foot of West 134th street in this city. The plaintiff was furnished by the architect having the matter in charge for the city with a set of plans and specifications, upon which plaintiff made its computation and placed its bid. The contract was awarded to it. It was discovered subsequently that the plans and specifications given to the plaintiff by the architect were not those for the work contracted to be done, but were for some other work to be done upon the same premises, but in a different part. This fact having been discovered, the plaintiff refused to do the work, and its demand for the return of the deposit was refused.

[1] It was conceded by the defendant that the plaintiff was without fault in the matter, and that the responsibility for the error rested entirely upon the defendant. The claim of the defendant is that the city's acceptance of a bid for municipal improvements constitutes a contract which cannot be rescinded by the bidder, even with the consent of the city, and that, where the contract had been entered into through a mutual mistake, the only remedy reserved to the bidder is to sue in a court of equity for a rescission of the same. It urges that:

"If this judgment stands, every successful bidder, on finding that he has bid too low through some miscalculation, may convert himself into a court of equity, rescind his contract, and sue in a court of law to recover his deposit."

The vice of the defendant's position is that it is unsupported by the facts in this case. There was no error on the part of the plaintiff in making the bid. The bid was based upon the plans and specifications furnished it by the defendant. These so furnished were for work to be performed upon a job in an entirely different location. When it was discovered, therefore, that the plaintiff's bid was founded upon the wrong plans, the situation, so far as the work to be done in West 134th street was concerned, was exactly the same as though no bid had been made.

[2] While it is true that the plaintiff might have brought its action in a court of equity, manifestly it was not essential to a recovery that it should have done so. The defendant, upon the facts here shown, had no right whatever, either in law or equity, to the plaintiff's deposit. The principle is elementary that when one person receives money to which he is not justly and legally entitled, and which he ought not in equity and good conscience to retain, the law regards him as the receiver and holder of the money for the use of the lawful owner thereof, and there arises an implied promise from him to pay over the amount to the rightful owner. An action for money had and received is maintainable under the facts disclosed in this action, and the plaintiff's right to recover is clear. Chapman v. Forbes, 123 N. Y. 532, 26 N. E. 3; New England Water Co. v. Farmers' L. & T. Co., 54 App. Div. 309 66 N. Y. Supp. 811. An action for money had and

received is equitable in its nature, but the right to maintain such an action in the Municipal Court has never been questioned. Corn Exchange Bank v. Gross, 86 Misc. Rep. 4, 148 N. Y. Supp. 2.

Judgment affirmed, with costs. All concur.