■ MYRON WITIUK, Respondent, v MYRON MYKYTIW, Appellant. [629 NYS2d 92] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Cobb, J.), entered September 30, 1994 in Columbia County, which denied defendant's motion to dismiss the complaint.

Plaintiff and defendant are the son and stepson, respectively, of Marie Mykytiw (hereinafter decedent), who, when she died in 1987, left a will devising one parcel of her real property in Columbia County to plaintiff and another adjoining parcel to defendant. The will also provided that the buildings situated on the devised land—all of which are located on defendant's parcel (hereinafter the property)—were to be owned equally by both parties, and specified that plaintiff was to have the use of the first floor of the house and defendant the use of the second floor.

After the will was probated, plaintiff and defendant, in their capacity as decedent's appointed coexecutors, executed a deed, granting and releasing the property to defendant. In 1994, plaintiff commenced this action to partition the property and defendant countered by moving to dismiss the complaint, pursuant to CPLR 3211 (a) (1), citing the aforementioned deed as conclusive, documentary evidence that plaintiff has no interest

in the property that would entitle him to seek partition, and also for procedural reasons. Supreme Court denied the motion and defendant appeals.

The deed in question, by its terms, purports to convey to defendant the land comprising defendant's parcel, "[a]nd also the estate therein, which [the grantors (plaintiff and defendant)] have or had power to convey or dispose of, whether individually, or by virtue of said Will". Although ordinarily a conveyance of land will be deemed to include the buildings situated thereon unless a contrary intent is expressly spelled out, in the form of an exception or reservation, such a result will not necessarily ensue if, at the time of conveyance, the land and buildings are owned by different parties and the grantee is apprised of this fact (see, Leonard v Clough, 133 NY 292, 297). The first criterion has been met here, for by placing ownership of the buildings in plaintiff and defendant jointly, the will constructively severed the structures from the land (see, Beck v McLane, 129 App Div 745, 747), which was owned by defendant alone. Whether plaintiff and defendant were aware of this separation when they executed the deed, and whether they intended to preserve it or to extinguish it, are factual questions that cannot be answered at this juncture.

Under these unique circumstances, it is not discernible, from the deed alone, whether the parties intended it to convey all of their interests in the land and in the buildings as well, or just to convey the underlying land in accordance with the terms of the will. While defendant aptly notes that no deed would have been necessary to convey just the land, which passed to him automatically by virtue of the will, neither would there have been any need for defendant to have been joined as grantor if all that was desired was a conveyance of plaintiff's interest in the buildings, which also passed directly to the parties in their individual capacities (see, EPTL 13-1.1 [a] [3]). In short, the very fact that the parties executed the deed jointly manifests some confusion as to what they intended to accomplish by this conveyance.

Moreover, there is some evidence—though controverted, in part—that plaintiff continued to share in possession of, and to accept responsibility for the upkeep of, the structures after the deed was executed. This provides further support for plaintiff's contention that it was not the parties' aim to transfer his interest in the buildings by means of the deed, but instead to treat that interest as though it had been severed from the ownership of the underlying land by the provisions of the will.

Inasmuch as the deed is ambiguous, and the parties' inten-

tions cannot be ascertained from the four corners of the document, Supreme Court properly denied defendant's motion to dismiss on the basis of documentary evidence (*see, e.g., Lake Placid Vil. v Lake Placid Main St. Corp.*, 90 AD2d 873, 874).

Nor are we persuaded that the action must be dismissed because plaintiff did not file proof of service within 120 days of his purchase of the index number. The rules mandate only that service must be complete, and an affidavit filed, within 120 days after the summons and complaint are filed (CPLR 306-b [a]). Thus, as Supreme Court noted, defendant's request to dismiss on this basis was premature, as it was made before the statutory period for effecting service and filing proof thereof had elapsed.

Mikoll, J. P., Crew III, White and Spain, JJ., concur. Ordered that the order is affirmed, without costs.