OPINION OF THE COURT
Per Curiam.
Order, dated May 19, 2006, affirmed, with $10 costs. Appeal from order, dated November 9, 2006, dismissed, without costs, as taken from a nonappealable order.
We agree, essentially for reasons stated by the motion court, that the holdover proceeding is not ripe for summary dismissal on the preanswer record so far developed, which raises triable issues as to whether respondent Fermin’s occupancy status is that of a subtenant or licensee, as petitioner claims, or whether, as respondent argues, he possesses independent tenancy rights in the stabilized apartment premises. In moving to dismiss the petition pursuant to CPLR 3211 (a) (1), respondent cited as dis-positive a renewal lease form issued solely to the now departed record tenant (Santos) in March 2004, a single-page document to which respondent apparently added his signature next to that of the tenant, after altering the document by inserting his handwritten name alongside Santos’ name as “Tenant” in the body of the instrument. In this posture, it is far from clear that the prior owner’s counter-signature of the renewal lease form reflected a willing intention to convey full stabilization protection to respondent, an apartment occupant who, so far as shown, was unilaterally put into possession by the tenant at a time and under circumstances not presently disclosed in the abbreviated record. Since the renewal lease form does not “conclusively establish! ] [respondent’s tenancy] defense as a matter of law” (Imo Indus. v Anderson Kill & Olick, 267 AD2d 10, 11 [1999]; see Witiuk v Mykytiw, 216 AD2d 779 [1995]; cf. 150 Broadway N.Y. Assoc., L.P. v Bodner, 14 AD3d 1 [2004]), the holdover petition, as properly amended, was sufficient to withstand respondent’s dismissal motion founded upon documentary evidence. *7 To the extent respondent argues that his putative tenancy interest in the apartment was ratified by the subsequent conduct of petitioner or the predecessor owner, that argument raises issues beyond the four corners of the documentary evidence relied upon by respondent, issues which cannot be resolved at this juncture.